# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONALD R. LANHAM,

                Plaintiff,

v.

WELLS FARGO BANK NA, HSBC BANK USA NA, and JOHN DOES 1–100,

                Defendants.

Case No. 17-CV-1229-JPS

**ORDER**

      Plaintiff, proceeding *pro se*, filed this action on September 11, 2017. (Docket #1). On October 12, 2017, Defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. (Docket #6). In response, Plaintiff requested leave to amend his complaint, (Docket #10), which the Court granted, (Docket #11). Plaintiff filed his amended complaint on November 16, 2017. (Docket #12).

      On November 28, 2017, Defendants filed a motion to dismiss the amended complaint. (Docket #13). Defendants complain that the amended complaint cured none of the deficiencies in the original. (Docket #14 at 1). They argue that each count of the amended complaint fails to state a viable claim, and request that the entire complaint be dismissed with prejudice. *Id.* at 17.

      Combining the time allotted under the Local Rules—twenty-one days—with the three-day extension provided in Federal Rule of Civil Procedure 6(d) for responding to motions served by mail, Plaintiff had until December 22, 2017 to file his response to Defendants' motion. *See* Civ. L. R.

7(b); Fed. R. Civ. P. 6(d). It is now two weeks since that deadline passed, and Plaintiff has filed nothing and has not communicated with the Court in any fashion. This absence of activity is all the more noticeable since Plaintiff did timely request and receive an extension of time to respond to the original motion to dismiss. There being no such request pending before the Court now, and in the absence of any opposition to Defendants' motion, the Court finds that Plaintiff has waived any argument in support of his claims. *See* Civ. L. R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion."); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) (a party may abandon claims by failing to defend them against a motion to dismiss).

This must be so despite Plaintiff's *pro se* status; while the Court will treat Plaintiff's filings generously because he is not a lawyer, he has not filed anything at all. "Our system of justice is adversarial and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). As a consequence, the Court is obliged to grant Defendants' motion and dismiss the amended complaint.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss for failure to state a claim upon which relief may be granted (Docket #13) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Court